UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CHRISTOPHER SHIMELD, <br><br> Plaintiff, <br><br> v. <br><br> ATYG LLC, <br><br> Defendant. | Case No. 3:23-cv-24694 |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendant ATYG LLC ("ATYG") has contributed to this barrage of telephone spam by initiating illegal text messages to Plaintiff Christopher Shimeld ("Shimeld").

3. Shimeld wants this telephone spam to stop. Others do as well. Shimeld's counsel has ten other clients who have received unwanted and unsolicited telephone spam from ATYG. Additionally, ATYG has already been sued at least one other time for telephone spam, but that has not caused ATYG to stop spamming.

1

4. Shimeld brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C. § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff Christopher Shimeld is a citizen of Florida.

8. Defendant ATYG LLC is a New York limited liability company with its principal place of business in Albany, New York.

## FACTUAL ALLEGATIONS

9. Shimeld's home, phone, and privacy have been invaded by ATYG's non-emergency text messages.

10. Shimeld is the residential subscriber of the cell phone number 850-612-1192. Shimeld uses this phone number at home. Shimeld makes and takes personal calls and text messages on this phone number.

11. Shimeld registered the number 850-612-1192 on the national Do Not Call Registry ("DNCR") on May 7, 2012.

12. ATYG has initiated multiple text messages to Shimeld including the following:

   i. **May 16, 2023, at 12:54 am UTC from +13152271826**
      *Hi, this is Elliot with Steady Capital. I have 100K paying back 118K. I can get you funded within 24 Hours. Send me your email, I'll send you the docs needed!*

   ii. **May 16, 2023, at 1:18 am UTC from +13152271826**
       *Steady Capital Solutions*

13. Both text messages sent to Shimeld identify the sender as Steady Capital Solutions. The New York Secretary of State shows that ATYG has an assumed business name of "Steady Capital Solutions." See file no. 20190410021 and Assumed Business Name Id No. 558949 at https://apps.dos.ny.gov/publicInquiry/AssumedNameHistory.

14. Steady Capital Solutions has its own website steadycapitalsolutions.com which markets and sells loan products and services.

15. ATYG initiated the unsolicited texts to Shimeld to sell its loan products and services.

16. Shimeld never provided the number 850-612-1192 to ATYG, never had a relationship with ATYG, and never gave permission for ATYG to send any type of communication.

17. On information and belief, ATYG initiated the text messages using an automated system that randomly or sequentially generated Shimeld's number. Not only did Shimeld never provide his number to ATYG, but Shimeld's counsel has ten other clients who have received unsolicited telephone spam from ATYG.

18. ATYG's text messages are a nuisance and annoyance to Shimeld. The text messages have invaded Shimeld's privacy. The spam has diminished the value of Shimeld's phone and Shimeld's enjoyment of life.

## LEGAL STANDARD

19. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

20.     **Automatic Telephone Dialing System**. The TCPA prohibits text messages to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Text messages that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

## CLASS ACTION ALLEGATIONS

21.     Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Shimeld brings this action on behalf of all other persons similarly situated throughout the United States.

22.     Shimeld proposes the following Classes:

**The DNCR Class**
All people in the United States (1) to whom ATYG initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) within the last four years from the filing of this action.

**The ATDS Class**
All people in the United States (1) to whom ATYG initiated one or more text messages to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate text messages to Shimeld, (3) within the last four years from the filing of this action.

23.     Shimeld does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

24.     Class members are identifiable through phone records and phone number databases.

25.     There are questions of law and fact common to Shimeld and the class members, including but not limited to:

4

    i. Whether ATYG initiated the text messages.

    ii. Whether ATYG's text messages violated the law.

    iii. Whether Shimeld and class members are entitled to statutory damages, trebled damages, and injunctive relief.

  26. Shimeld's claims are typical of the claims of the class members. Shimeld's claims, like the class members' claims, arise out of the same common course of conduct by ATYG and are based on the same legal and remedial theories.

  27. Shimeld is an adequate representative of the class because Shimeld's interests do not conflict with the interests of the class members, Shimeld will fairly and adequately protect the interests of the class members, and Shimeld is represented by counsel skilled and experienced in class actions, including TCPA class actions.

  28. Common questions of law and fact predominate over questions affecting only individual class members.

  29. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

  30. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
**(On Behalf of Shimeld and the Do Not Call Class)**

31. ATYG violated 47 C.F.R. § 64.1200(c)(2) by initiating text messages to Shimeld and members of the DNCR Class while their phone numbers were on the DNCR.

32. Shimeld and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

33. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

34. The court should enjoin such violations. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Use of an Automatic Telephone Dialing System
**(On Behalf of Shimeld and the ATDS Class)**

35. ATYG violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Shimeld and members of the ATDS Class.

36. Shimeld and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

37. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

38. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Shimeld respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Shimeld as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Shimeld and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Shimeld requests a jury trial as to all claims of the Complaint so triable.

DATED November 10, 2023

Respectfully submitted,

*/s/ John Kauffman*
Florida Bar No. 538205
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com

*Lead Counsel for Plaintiff*